# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO: 3:19-cr-168-TJC-JBT

JAMES RANDELL CREAMER          ORDER ON MOTION FOR
                               SENTENCE REDUCTION UNDER
                               18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

Section 3582(c)(1)(A)'s exhaustion requirement is a firm prerequisite for filing a motion for compassionate release in district court, which is not subject to judicially created exceptions. United States v. Alam, 960 F.3d 831, 833-36 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). The

government states that "Defendant has not sought – much less exhausted – his administrative remedies." (Doc. 46 at 1). For his part, Defendant neither alleges nor provides any evidence that he has attempted to file an administrative request for a reduction in sentence. (Doc. 43).

Accordingly, Defendant's Motion for Compassionate Release (Doc. 43) is **DENIED WITHOUT PREJUDICE**. The Motion is subject to renewal after Defendant exhausts his administrative remedies or after 30 days have passed since the warden's receipt of his request for a reduction in sentence, whichever occurs first.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of October, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

<u>Copies:</u>
Counsel of record
Pro se defendant